We'll now hear the next case of Toppin v. County of Nassau. May I proceed, Your Honor? My name is Valerie Hawkins. Yes. I represent the plaintiff's appellants in this action. Yes. You'll have two minutes of an uninterrupted argument. Thank you. Good morning, Your Honors. As I said, my name is Valerie Hawkins and I represent Earl Toppin and Antoine Satchel, the plaintiff's appellants in this Section 1983 action. The lower court should have granted the plaintiff's Rule 60 application to reopen Toppin 2, the second action filed in the Eastern District, because the plaintiff presented new and material evidence, namely the dismissal of Toppin 1, the first case that was filed in this action. In denying the plaintiff's application, the lower court rightfully held that the plaintiffs have no right to maintain duplicative actions. However, the lower court failed to apply the law of this circuit regarding the remedy for filing duplicative actions. And the lower court wrongfully ignored the fact that the plaintiffs in this action were not seeking to prosecute two actions. Therefore, the lower court abused its discretion. With respect to the law, in James v. AT&T Corp., which was cited by the lower court in support of its decision to deny the Rule 60 motion, Judge Stanton specifically quoted this court's ruling in Curtis v. Citibank N.A. in which this court stated, the complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion. Judge Sack? Well, I just want to know why this is, in this case, it's a complex question. I mean, it's a little strange to do what I'm afraid you did, which is to file one and then simply file another for some reason that doesn't pop out. It suggests judge shopping. It doesn't prove judge shopping. But it's awfully difficult to understand why, what happened to happen, at least from what I've read. Can you explain to me how that happened? Well, there was absolutely no judge shopping. There's no evidence. How did it happen? It doesn't seem very complex. I understand that it can be complex, but it doesn't seem terribly complex here. I agree with that, Your Honor. When we saw that there was an issue with respect to whether jurisdiction had been achieved over the defendants in the first action, a second action was commenced and the plaintiffs then immediately, well, pretty much immediately sought to withdraw the first action. So in each of the cases that have been cited by the defendants and indeed the lower court, the plaintiffs were seeking to litigate two cases. The plaintiffs in this case were not seeking to litigate two cases. They were not seeking to consume the resources of two of the and they were not seeking to litigate two cases. They were not seeking to vex or annoy the defendants. The lower court did not give any credence to the fact that the plaintiffs tried to remedy the problem here by requesting that the first case be removed from the docket. The first case having been removed from the docket, the second case the record in this action shows that there were no issues with respect to service upon the defendants or jurisdiction. So the second case was right for prosecution as opposed to the first case not being right for prosecution and presenting problems with jurisdiction and service of process which the lower court's remedy to send the plaintiffs back to litigate top and one is totally inconsistent with judicial economy. The plaintiffs first would have had to ask Jed Spadwell, God rest his soul, he's no longer with us, but the plaintiffs would have had to first move to request that their motion to dismiss top and one be vacated. Then they would have had to request that they be given more time to serve the defendants. This would have consumed the resources of the lower court with respect to these motions. It's just totally inconsistent with judicial economy which is the calling card of the first file rule. I have a... Jed, do you have any further questions? No, no, go ahead. Go ahead, Ken. I'm listening to you. So I'm still not quite understanding. You don't disagree, do you, that this action is identical to top and one? You don't disagree with that, correct? That's correct, Your Honor. And so instead of filing a new action, wouldn't it have made more sense from your perspective to seek an extension of time to answer the motion to dismiss in that case and an extension of time to serve any unserved defendants? Possibly, Your Honor. In researching this issue, there is a quite a lengthy history in the Second Circuit as well as other circuits of this country regarding duplicative actions. And it seems to me that the mantra is that the courts look to foster judicial economy and comprehensive disposition of litigation. As I said earlier, the unique factor in this case which was not considered by the lower court was the fact that the plaintiffs, in fact, were not seeking to litigate two cases. They took affirmative steps to terminate the litigation in the first case. In the second case, they had achieved jurisdiction over the defendants and this case was therefore right for prosecution, whereas the first case was not. Could you just remind me whether Judge Forrestine, the second judge, whether she was informed in the pleadings that this same exact case had already been brought? Was she informed in the pleadings? Yes. She was not. When was she informed? And by whom? I'm not 100% sure, Your Honor, but I believe from reading her decision, I think she was informed by one of the defendants. I'm not 100% sure about that, though. Well, I guess judicial economy, I suppose, is aided by not telling the judge anything. It doesn't have to do anything if she doesn't know about it, I suppose, but I'm not sure that's what you're supposed to do. The plaintiffs were not hiding secrets from anyone. The plaintiffs were just seeking to prosecute their claims. They were seeking to obtain jurisdiction over the defendants and move the case along. What are we to make of the fact that in some other cases that you've been involved in, that the court had recommended sanctions for various behaviors, repeated unexcused absences from conferences, and that was Magistrate Judge Reyes, that there is a pattern of missing important filing deadlines with adverse consequences to clients? You know of these cases because you've been involved in them. What do we do in that circumstance? I do remember the situation with Judge Reyes, Your Honor. No, there are other cases on the docket which are similar where there is not follow-up. Well, I just wanted to raise that with you because it seems not what happened in this case didn't happen exactly in other cases in which you were involved in different kinds of fact patterns of behavior, but they are of a piece that this court may have to consider. I'd really rather not state on the record what was going on in the situation with Judge Reyes, but I can say that I do have other cases in the courts now where the problem that I had in Judge Reyes' case was not present. Thank you. Thank you. Judge Wesley? I have no questions. Thank you. You'll have, Ms. Hawkins, three minutes for rebuttal. Thank you. And we will now hear from Mr. Van Der Waak. Good morning, Your Honors. This is Robert Van Der Waak, the attorney for the County of Nassau. In responding to the comment, I think Judge Sack, this is obviously not a complex case, and we still haven't heard an answer to what was questions before Judge Feuerstein and on this bench, why did you start the second action? The fact of the matter is that there were two actions. There was one started in March of 2018, and while that action was pending, she started a second action in September of 2018. There were motions and letters addressed to the court from the county and the village concerning the first one. She never responded. Again, we have the second action in September of 2018. It is after that, in October of 2018, that plaintiff sends a Rule 4 letter to Judge Sack, asking him to so order it, dismissing the first action without prejudice. She does not explain to Judge Sack that she has instituted a second action. After she institutes the second action, she never explains to Judge Feuerstein that there's a first action until we get to the conference in February of 2019. Judge Feuerstein obviously dismissed the top and two because another action is pending. She asked the very same questions that have been asked by this bench. Why? There's never been an answer. As this court knows, Judge Feuerstein is being reviewed as whether it was an abuse of discretion to deny the motion to vacate. There is no grounds presented by the plaintiff to vacate that motion. I would respectfully request that the court affirm Judge Feuerstein so that the district court can maintain vigilance and supervision of its calendars, among other things. You have any questions? I'd be happy to answer. No, Judge Sack. No, thank you. No, thank you. No, thank you. Okay. Well, now hear from Mr. Herzler. May it please the court. My name is Nicholas Herzler and I represent Armour in this matter. My first point would be to say, this is a Rule 60b-2 motion. And as counsel for the county mentioned, the lower court has considerable discretion to decide that type of motion. And a lot of the elements of that type of motion fell short here, particularly the requirement that the movement must have been justifiably ignorant of the new fact despite due diligence on the original application. Now, if you look at the record at page 76, you'll see that the fact that the letter application had been made to Judge Spad to dismiss Toppin 1 had been discussed previously with the court. So the court was already aware of, Judge Feuerstein was already aware of that when she dismissed Toppin 2 as duplicative. And when you look at Judge Feuerstein's decision as a whole, it's a well thought out balanced decision that does exercise a lot of discretion, not only with respect to Rule 60, but also with respect to the duplicative second filed rule. And there's a lot of law in our brief to the effect that the court has a lot of power  in terms of what's on its own docket and whether duplicative actions should be dismissed. The cases that the plaintiff relies on involve very different fact patterns where you have two different venues. Clearly, if you have one action, the first filed action in another state and another filed action in a different state, and a lot of the witnesses and convenience of the parties and things like that are in state number two, then that's when these cases come into play that the plaintiff is relying on. Well, we could have, you know, in the interest of justice and convenience and that type of thing, we might, you know, go with action number two instead of action number one. But in this case, we don't have a split of venues. They're both in the same venue, they're both in the Eastern District. And also, there's no case law cited on point in support of the plaintiff's position here. There's no abuse of discretion. And if the court were to rule in plaintiff's favor, it would cause a lot of chaos in the lower court, which for a number of reasons that Judge Feuerstein pointed out in her order, it would encourage judge shopping. It would encourage, you know, a practice of saying, well, there's something wrong with the first case, I'm just going to file another case. That's not how, you know, these things work. If you have a problem with service, if you have an issue with filing proof of service, you know, under rule four, then that can be fixed. You know, you have to file opposition to a motion to dismiss. That's not some sort of inconvenience. The plaintiff kind of makes it out to be an inconvenience. Well, I think I understand the answer to the question that was posed a few times. Why was there a second action filed? Because there were a number of defects in top and one. There was no proof of service hadn't been filed. Service hadn't been made on the defendants. And a motion to dismiss had been filed and no opposition papers. So rather than fix those things, you know, a second action was filed because it's just easier that way. A plaintiff keeps saying, well, it's just... Judge Zack, do you have any questions? Yeah, I would just point out, I don't mean to be snarky, Mr. Hertzler. I really don't. But if I'm, and if I'm wrong, I apologize. But in your brief, you seem to have misspelled the name of the district court judge 16 times. And I'm not sure that's exactly starting out on the right foot. And I thought it was worth pointing out to you. I apologize for that, Your Honor. I have a question. So just so that I'm clear, the complaint in top and one, correct? I'm sorry, I couldn't hear the question, Your Honor. Didn't you answer the complaint in top and one? Yes. Uh, you had no objection to the service of process in that case, correct? No, Your Honor, the county did, and we did not. Wesley? No, no question, thank you. All right, do you have, you have a minute left? Do you have anything? Your Honor, I think I basically stated my position and as fully, you know, set forth in my brief. Unless the court has any other questions, I'll rest on my brief, and thank you for listening. Thank you. Ms. Hawkins, you have three minutes for rebuttal. Thank you, Your Honor. First, I would like to say that the plaintiff did explain why they made the second filing in top and two. And that was to address any potential problems with service of process in jurisdiction in top and one. That's number one. So I do believe that we responded to the district court in that matter. The other issue I would like to raise, the defendants in the lower court did not make any arguments with respect to the first filed rule. Their arguments centered on lack of prosecution. Judge Spatz in Spotless Enterprises made a well-reasoned decision regarding the first filed rule. And he stated that the first filed rule, it is a well-settled principle of law directing that where there are two competing lawsuits, the first suit should have priority absent the showing of balance of convenience or special circumstances giving priority to the second case. The plaintiffs in this case have shown special circumstances. Namely, as I said, unlike the plaintiffs in the other cases where there are duplicative actions, they took action to terminate one of the duplicative actions and to seek to conserve judicial resources by going forward with the case in which there was no issue with respect to service and jurisdiction was achieved over all of the defendants and that the case was right for prosecution. The lower court ignored this and just mechanically applied the first filed rule. And case after case in this circuit and other cases counseled against the rigid application of the first filed rule. You have one minute remaining. Well, I'm just about done, Your Honor. I just wanted to say that the lower court rigidly applied the first filed rule and did not take into consideration the unique facts in this case wherein the plaintiffs actually sought to relieve the district court docket of the duplicative filing by seeking to have top and one terminated. Thank you, Your Honor. Thank you. Thank you for your arguments. The court will reserve decision.